UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SARAH RICHARDS BUCK                          CIVIL ACTION


VERSUS                                       NO: 09-3180


DEUTSCHE BANK, AS TRUSTEE FOR LONG           SECTION: R
BEACH MORTGAGE LOAN-TRUST 2003-2


**ORDER AND REASONS**

Before the Court are plaintiff Sarah Richard Buck's Motion
to Reconsider Removal and Transfer (R. Doc. 13), and Defendant
Deutsche Bank's Motion to Dismiss (R. Doc. 8) and Motion to
Dismiss Amended Complaint (R. Doc. 28).  For the following
reasons, Buck's motion to reconsider the transfer is DENIED, her
motion to remand is GRANTED,[1] and the remaining claims are
REMANDED to Louisiana state court.


**I. Background**

This suit is the most recent link in a chain of litigation
that extends back for half a decade.  In 2003, plaintiff Sarah
Buck defaulted on a promissory note she had entered into with
Long Beach Mortgage Loan Trust, which was secured by a mortgage

---

[1]  Buck's opposition to both the transfer and the removal is
styled as a FED. R. CIV. P. 59(e) motion for reconsideration.
Buck argues that the removal was improper, and the Court thus
construes her filing as a motion to remand.

1

on property she owned in Franklinton, Louisiana. Deutsche Bank, the trustee of the trust holding the mortgage, initiated an executory proceeding to seize and sell the property, and eventually purchased the property at auction in 2004. The parties do not dispute that Buck did not challenge the executory proceeding or exercise any avenue for relief before the property was auctioned. After Deutsche Bank began eviction proceedings, Buck filed several suits in state and federal court requesting restraining orders and injunctions, and asserting that the sale of her property was illegal.

In her federal suits, which were eventually consolidated, this Court denied Buck's two applications for temporary restraining orders, *see also* 2005 WL 2036930 (Barbier, J., denying Buck's application for a temporary restraining order), as well as her motion for preliminary injunction. In August of 2005, Buck filed a Motion for Voluntary Dismissal in state court, asking that the court dismiss her suit with prejudice. The state court did so, and additionally denied Buck's multiple claims for relief from the state judgment. After the dismissal, this Court dismissed Buck's claims on *res judicata* grounds. 2006 WL 1968863.

Buck then filed two suits in Louisiana state court, one to annul the judgment of voluntary dismissal in the earlier state court on the grounds of fraud and ill practice, and another

2

seeking a writ of mandamus to prevent the Sheriff of Washington Parish from proceeding with the eviction of her and her family from the property that had been sold at auction.  These cases were consolidated and the trial court, having found no fraud or ill practice, denied Buck's petition to annul the dismissal.  The Louisiana Court of Appeals affirmed the trial court's judgment, and both the Louisiana Supreme Court and the United States Supreme Court declined to grant certiorari.

In December of 2008, Buck filed another suit in state court, again asking that the judgment of voluntary dismissal be annulled.  She voluntarily dismissed all parties except Deutsche Bank, who removed to federal court on the grounds of diversity jurisdiction.  The suit was originally before Judge Lemmon of the U.S. District Court for the Eastern District of Louisiana, but upon defendant's motion, was transferred to this Court. Defendant has moved to dismiss both Buck's original and amended complaint.  Buck has objected to the transfer and, in so doing, challenges the grounds for removal.

## II. Discussion

First, Buck challenges the transfer of this case to this Court from another Section within the Eastern District of Louisiana.  She objects that she did not receive a hearing before the transfer, that this matter is not sufficiently similar to her

3

previous suit, and that the Court is biased against her.  These
arguments are without merit.  First of all, an internal transfer
between Sections of the same District is governed by Local Rules
3.1 and 3.1.1E, and parties are not entitled to a hearing over
the transfer's propriety.  Secondly, Buck contends that transfer
is inappropriate because her causes of action are different in
this suit than in the one previously adjudicated by this Court.
Suits do not need to be precisely the same before they are
transferred under the Local Rules.  *See Shadow Lake Mgmt. Co.,
Inc. v. Landmark Am. Ins. Co.*, No. 06-4357, 2007 WL 203971, at *1
(E.D. La. Jan. 24, 2007) (noting that transfer and consolidation
under Rule 3.1.1E of insurance disputes involving different
properties was appropriate because "they share many parties,
issues and facts").  Both the plaintiff and the defendant in this
suit were parties to the previous suit, and this action arises
out of the same factual scenario that gave rise to the earlier
one.  The suits are therefore sufficiently similar to be
transferred under the Local Rules.

Finally, Buck asserts that the language in this Court's
previous order dismissing her case is biased and transfer "would
corrupt the proceeding."  She cites to a description of the facts
she alleged to support a claim that was barred by *res judicata*,
which noted the "possibility" of an underwriter's mistake in
filling out a loan form.  Buck argues that the allegations in her

4

complaint conclusively established fraud and that the Court

should have recognized this.  Buck herself acknowledges that this

language was not part of the holding, and her objection can thus

be distilled to the fact that the Court, in dicta, acknowledged

that she had not yet proven her claims at a stage in the

litigation when no actual evidence had been presented.  The Fifth

Circuit has held that "judicial opinions will support an actual

bias claim if they reveal favoritism or antagonism such that fair

judgment is impossible." *Buntion v. Quarterman*, 524 F.3d 664,

673 (5th Cir. 2008).  Buck has demonstrated no personal animus,

and her arguments thus do not meet this standard.

Because the transfer was appropriate in this case, the Court

considers Buck's objections to the removal.  In one of her

arguments, she asserts that this Court lacks the authority to

annul the Louisiana state court's August 2005 judgment of

dismissal, which is the ultimate relief she seeks in her original

complaint.  "[F]ederal district courts, as courts of original

jurisdiction, lack appellate jurisdiction to review, modify, or

nullify final orders of state courts." *Weekly v. Morrow*, 204

F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of

Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).  This doctrine has come

to be known as the *Rooker-Feldman* doctrine, *see Rooker v.

Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia

Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983), which applies

to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[2]  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Under the doctrine, district courts lack subject-matter jurisdiction to hear collateral attacks on state court judgments.  *See Turner v. Chase*, No. 08-31180, 2009 WL 1747788, at *2-3 (5th Cir. 2009); *Union Planters Bank Nat'l Assn. v. Salih*, 369 F.3d 457, 461 (5th Cir. 2004).

Buck's original complaint seeks only an annulment of the Louisiana state court judgment dismissing her case, and she provides only arguments as to why the decision was defective.  At its core, her complaint attacks a final state-court decision, and this Court lacks subject-matter jurisdiction over such claims under the *Rooker-Feldman* doctrine.

Buck, however, argues that the state court that entered the

---

[2]  Buck is not a "state-court loser" in the conventional sense, but her litigation position is exactly the same: she is dissatisfied by a judgment in a Louisiana court, has moved for relief and for review of that decision on multiple occasions, and now seeks to have it annulled.  Furthermore, she has, both here (R. Doc. 19 at 3-4) and in state court, argued that she did not *actually* consent to the dismissal order, and that the judgment was procured through fraud and ill practices.  *See Deutsche Bank Nat'l Trust Co. V. Buck*, Nos. 2007-CA-0351, 2007-CA-0352, 2007 WL 4480196, at *1 (La. Ct. App. Dec. 21, 2007) (affirming dismissal of Buck's claims that the judgment of dismissal should be annulled on the grounds of fraud and ill practice).

judgment of dismissal lacked subject-matter jurisdiction over the
case, which some courts have found to trigger an exception to
*Rooker-Feldman*.  *See Woosley v. Adoption Alliance*, 79 Fed. Appx.
672 (5th Cir. 2003) (observing that the judgments plaintiff
sought to disrupt were "not void for lack of jurisdiction so as
to fall within an exception to the doctrine"); *Rooker*, 263 U.S.
at 415; *see also 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 528
n.6 (7th Cir. 2000); *In re James*, 940 F.2d 46, 52 (3d Cir. 1991);
*but see In re Smith*, 287 Fed. Appx. 683, 685 (10th Cir. 2008).
She claims that the state court lacked subject-matter
jurisdiction because Louisiana Code of Civil Procedure article
2642 sets forth defenses and procedural objections that can be
asserted in an executory proceeding, she failed to avail herself
of these avenues for relief, and she then had no cause of action
in the state court proceeding.  *See, e.g., Reed v. Meaux*, 292 So.
2d 557, 573-74 & n.2 (La. 1974); *Antoine v. Chrysler Fin. Corp.*,
782 So. 2d 651, 652-53 (La. Ct. App. 2001).  A litigant's lack of
a cause of action, however, is not the same as a court's absence
of subject-matter jurisdiction.  The Code of Civil Procedure
categorizes them differently, *see* LA. CODE. CIV. P. arts. 925,
927, and the cases that discuss the effect of a waiver of the
relief in the executory process speak only of no cause of action,
making no mention of subject-matter jurisdiction.  *See Antoine*,
782 So. 2d at 652-53; *see also Plumbing Supply House, Inc. v.*

7

*Century Nat'l Bank*, 440 So. 2d 173, 177-78 (La. Ct. App. 1983).

Buck has therefore not established that an exception to the

*Rooker-Feldman* doctrine applies.

Defendant, as the removing party, bears the burden of

demonstrating that federal subject-matter jurisdiction exists.

*Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Doubts about the propriety of removal are resolved against

federal jurisdiction and in favor of remand.  *Acuna v. Brown &*

*Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Defendant,

arguing that the Court should retain jurisdiction, claims that

the requirements for diversity jurisdiction are present here.

Diversity jurisdiction, however, does not overcome lack of

subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

*See, e.g., Segler v. Felfam Ltd. Partnership*, 324 Fed. Appx. 742,

743 (10th Cir. 2009); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir.

2003).  Defendant points to *Leninger v. Leninger*, 705 F.2d 727,

729 (5th Cir. 1983) (per curiam), in which the court determined

that removal was appropriate over a Mississippi state-court suit

that sought to enjoin and nullify an Ohio divorce and alimony

judgment.  The court held that, because the requirements for

diversity were satisfied, removal was proper.  But the decision

focused only on whether diversity of citizenship and the amount-

in-controversy requirement were satisfied.  It did not address

the *Rooker-Feldman* issue at all, and it provides no reason why

this Court should ignore the well-established doctrine that would

otherwise deprive the Court of subject-matter jurisdiction.  *Id*.

at 729.  Defendant accordingly has not met its burden of

demonstrating that removal of this case was proper.

Buck, however, has amended her complaint to add separate

grounds for relief under the Louisiana Unfair Trade Practices Act

and the Fourteenth Amendment, as well as a request for damages.

Defendant argues that the these claims establish federal-question

and diversity jurisdiction, citing to *Kidd v. Southwest Airlines

Co.*, 891 F.2d 540, 547 (5th Cir. 1990), in which the court found

that federal-question jurisdiction could be rooted in an amended

complaint, even when the removal of the state-court complaint was

improper.  *Kidd*, however, concerns a scenario in which the

plaintiff added federal claims after the motion for remand was

denied.  *Id*. at 546-47.  The court explained the ruling by

referring to plaintiffs who "throw in the towel" and accept

federal jurisdiction after their arguments for remand have been

rejected.  *Id*. at 547 (citing *Bernstein v. Lind-Waldock & Co.*,

738 F.2d 179, 185 (7th Cir. 1984)).  Here, Buck's arguments

against removal were still pending, and it cannot be said that

she had resigned herself to federal jurisdiction over her claim,

especially because the Court lacks subject-matter jurisdiction

over the claims asserted in her original petition.

In fact, *Kidd* makes clear that "[i]n most cases, federal

9

courts base decisions about subject matter jurisdiction after

removal on the plaintiff's complaint as it existed at the time

that the plaintiff filed the removal petition."  891 F.2d at 546.

It acknowledges an exception for "situations where, after

improper removal, a case is tried on the merits without

objection, and the federal court enters judgment."  *Id.*  In those

circumstances, the court of appeals looks to the state of

subject-matter jurisdiction at the time of judgment, not at the

time of removal.  Those circumstances, however, are not present

here, and the Court follows the general rule that the propriety

of removal is determined by the state-court complaint as it

existed at the time of removal.  *See Cavallini v. State Farm Mut.*

*Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  The reasoning

behind this principle is illustrated when a plaintiff amends her

complaint to *destroy* federal jurisdiction.  As the Fifth Circuit

has stated,

> [t]he rationale for determining removal jurisdiction on
> the basis of claims in the state court complaint as it
> exists at the time of removal is obvious.  Without such
> a rule, disposition of the issue would never be final,
> but would instead have to be revisited every time the
> plaintiff sought to amend the complaint to assert a new
> cause of action against the nondiverse defendant, all at
> considerable expense and delay to the parties and the
> state and federal courts involved.  Limiting the removal
> jurisdiction question to the claims in the state court
> complaint avoids that unacceptable result, and permits
> early resolution of which court has jurisdiction, so that
> the parties can proceed with, and expeditiously conclude,
> the litigation.

*Id.*

Accordingly, this Court lacks jurisdiction over Buck's claims. As the Fifth Circuit has stated, "[j]udicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). Accordingly, her claims must be remanded back to Louisiana state court. 28 U.S.C. § 1447(c); *Richardson v. Richardson*, No. 08-1671, 2008 WL 2355050 (E.D. La. June 5, 2008) (remanding claims barred by *Rooker-Feldman* doctrine).

## III. Conclusion

For the foregoing reasons, Buck's motion to reconsider the transfer is DENIED and her motion for remand is GRANTED. Because this Court does not have subject-matter jurisdiction over her claims as determined by the complaint at the time of removal, her claims are REMANDED to the Louisiana state court. The Court does not reach defendant's motions to dismiss.

New Orleans, Louisiana, this _____30th_____ day of September, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11